411 A.2d 213

**Francis Rick FERRI, Appellant,**

**v.**

**Daniel ACKERMAN, Appellee.**

Supreme Court of Pennsylvania.

Nov. 18, 1978.

Subsequent Opinion Feb. 1, 1980.

114

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO, LARSEN and FLAHERTY, JJ.

## OPINION

PER CURIAM.

Appellant, Francis Ferri was convicted in federal district court for violation of federal law[1] and sentenced to thirty years imprisonment. Ten of those years were attributable

---

1. The relevant sections are codified at 18 U.S.C. §§ 844(i), 2, 371; 26 U.S.C. §§ 5821, 5822, 5861, 5871.

to an Internal Revenue Code violation conviction. While appeal on that matter was pending, appellant instituted a "complaint in negligence" in state court against appellee, Daniel Ackerman, an attorney who had been appointed as appellant's defense counsel for that criminal proceeding, pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A (1978). Among the sixty-seven different instances of malpractice allegedly committed by appellee at that trial, was the failure to assert the applicable statute of limitations which would have barred the counts concerning the Internal Revenue Code violations. The Westmoreland County Court of Common Pleas sitting *en banc*, sustained appellee's demurrer in the form of preliminary objections and dismissed the complaint. The Superior Court affirmed. 253 Pa.Super. 614, 384 A.2d 995 (1978).

On appeal, appellant confined his argument solely to counsel's failure to raise the statute of limitations as a defense. This Court agreed with the lower courts, and found as a matter of federal law, an absolute immunity against tort liability to a state malpractice action for an attorney appointed as defense counsel in federal criminal proceedings. *Ferri v. Ackerman*, 483 Pa. 90, 394 A.2d 553 (1978).

A subsequent petition for a writ of certiorari to the United States Supreme Court was granted. On December 4, 1979, the Supreme Court reversed this Court's order and remanded the cause. *Ferri v. Ackerman*, 444 U.S. 193, 100 S.Ct. 402, 62 L.Ed.2d 355 (1979). The United States Supreme Court, based upon its interpretation of the Criminal Justice Act and federal common law, concluded that under federal law no immunity was compelled for court appointed counsel under the Criminal Justice Act, *supra*, from a state malpractice suit brought by his former client. Further, it was determined that federal law did not pre-empt a state from providing immunity against such a cause of action under state law. *Ferri v. Ackerman, supra*. This Court's authority to find such immunity as a matter of state law

thus remains intact. Our prior ruling in *Reese v. Danforth*, 486 Pa. 479, 406 A.2d 735 (1979), which denied the existence of such immunity, is wholly in accord with the Supreme Court's decision here. Finally it must be noted that the United States Supreme Court's holding was expressly limited to the narrow issue presented by the petition.[2]

Accordingly, we reverse the dismissal ordered by the trial court and reinstate Francis Ferri's "complaint in negligence". The cause is remanded to the Westmoreland County Court of Common Pleas, Civil Division, for further proceedings consistent with the United States Supreme Court opinion in *Ferri v. Ackerman, supra* and this Court's decision in *Reese v. Danforth, supra.*

ROBERTS, J., filed a concurring opinion in which LARSEN, J., joins.

MANDERINO, J., did not participate in the consideration or decision of this case.

ROBERTS, Justice, concurring.

I agree that in accordance with *Ferri v. Ackerman,* 444 U.S. 193, 100 S.Ct. 402, 62 L.Ed.2d 355 (1979) the order of this Court in *Ferri v. Ackerman,* 483 Pa. 90, 394 A.2d 553 (1978) (Roberts, J. dissenting, joined by Larsen, J.) should be reversed and the complaint of Francis Ferri reinstated for further proceedings on the merits.

LARSEN, J., joins this opinion.

2. "Our discussion is confined to immunity in malpractice actions. We do not address the question whether defense counsel is immune from other kinds of tort suits such as a defamation action brought by some one other than his client. *Cf. Butz v. Economou,* 438 U.S. 478, 512, 98 S.Ct. 2894, 2913, 57 L.Ed.2d 895 . . ." *Ferri v. Ackerman, supra,* 444 U.S. at 409 n. 22, 100 S.Ct. at 409 n. 22.